# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL KIRCHER, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:20-cv-02033 |
| v. | (SAPORITO, M.J.) |
| CATHERINE HENRY, | |
| Defendant. | |

## MEMORANDUM

This is a diversity action by the plaintiffs, Daniel Kircher and Doreen Heluk, against the defendant, Catherine Henry, for breach of an agreement for the sale of real estate seeking specific performance. This action was commenced by the filing of a complaint in the Court of Common Pleas of Wayne County, Pennsylvania, on October 5, 2020. Thereafter, the defendant timely removed the case to this court. (Doc. 1.) This matter was assigned to the undersigned United States magistrate judge upon consent of the parties. (Doc. 14.) The defendant filed a motion to dismiss the complaint on the basis that the agreement for sale of real estate is void and unenforceable because the contract was not provided to the defendant's agent named under a power of attorney. (Doc. 3.) The

parties have briefed the motion and it is ripe for disposition. (Doc. 5; Doc. 7; Doc. 8.)

For the reasons set forth below we will deny the motion.

## I. Statement of Facts

The complaint alleges that the defendant is the owner of real property located at 1345 Cochecton Turnpike, Tyler Hill, Wayne County, Pennsylvania (the "Property"). On July 21, 2020, the parties entered into an agreement for the sale of the Property for the purchase price of $145,000. The agreement was amended on August 12, 2020, to reflect a reduction in the purchase price to $120,000. The plaintiffs allege that they tendered the agreed upon consideration to the defendant and the plaintiffs have demanded that the defendant perform under the terms of the agreement of sale and the amendment thereto. Further, the plaintiffs have alleged that the Property is "unique," and thus the plaintiffs have no adequate remedy at law. They are requesting that the court direct the defendant's specific performance under the agreement.

In her brief in support of the motion, the defendant maintains that on July 7, 2020, she executed a power of attorney naming her sister, Dimitria Bineares, as her agent under the power of attorney. The

defendant contends that the existence of a power of attorney, although not conclusive of incapacity, puts the parties on notice to make further inquiry and make a determination of mental capacity, citing *Cardinal v. Kindred Health Care, Inc.*, 155 A.3d 46, 52 (Pa. Super. Ct. 2017). The defendant contends that, despite her challenges with reasoning and cognitive functions, the plaintiffs continued to press her to sign the agreement of sale. Finally, the defendant argues that the complaint is deficient because it does not allege that the defendant had the mental capacity to enter into the agreement.

## II.     *Legal Standards*

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is

3

not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Under Rule12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32-33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. Discussion

"The Statute of Frauds instructs that a purported transfer of an ownership interest in real property is not enforceable unless evidenced in writing and signed by the party(ies) granting the interest." *Long v. Brown,* 582 A.2d 359, 361 (Pa. Super. Ct. 1990) (citing 33 P.S. § 1). "A writing required by the Statute of Frauds need only include an adequate

description of the property, a recital of the consideration[,] and the signature of the party to be charged." *Hessenthaler v. Farzin*, 564 A.2d 990, 994 (Pa. Super. Ct. 1989). The complaint asserts a cause of action for breach of contract for the sale of real estate. The elements necessary to plead a breach of contract claim under Pennsylvania law are: "(1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (citing *J.F. Walker Co. v. Excalibur Oil Grp. Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)).

The agreement of sale and the addendum are attached to the complaint as exhibits. Both documents reflect the existence of a contract for the sale of the Property, including the purchase price, contingencies, and a closing date. Relying on *Cardinal*, the defendant argues that the mere existence of the execution of the power of attorney in favor of her sister "puts the parties on notice to make further inquiry and make a determination of mental capacity." (Doc. 5, at 4.) However, that is not what the *Cardinal* court held. Rather, it stated:

> The mere existence of a power of attorney can in
> no way be construed as indicia of incapacity on the

> part of the principal. Powers of attorney are executed for many and various reasons, including simple convenience, and are a routine component of the estate planning process. The [trial] court's suggestion that Decedent's power of attorney evidenced his incapacity is wholly unsupported by our case law, based on flawed reasoning, and not supported by any facts of record in this matter.

*Cardinal*, 155 A.3d at 51. In addition, we note that the power of attorney attached to the defendant's brief was notarized on July 7, 2020, a mere two weeks before execution of the agreement of sale. Are we to conclude that the defendant had the mental capacity to know and understand the legal import of the power of attorney on July 7, 2020, but yet she lacked the capacity to understand the terms of the agreement of sale two weeks later? That conclusion would be a leap at this procedural point in the litigation and those issues are better left to a determination after a more complete factual record is established. Without more, and at this stage of the litigation, we are also unpersuaded by the defendant's argument that the "barely legible not controlled" appearance of the defendant's signature on the documents somehow evidences signs of a lack of capacity to enter into a contract. (*See* Doc. 5, at 5.)

Thus, accepting the plaintiffs' factual allegations in the complaint as true, as we must, we find that the complaint adequately sets forth a

cause of action for breach of contract. The defendant's motion to dismiss will be denied.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: April 29, 2021